

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| DEMETRIC LEWIS, <br> TDCJ No. 721373 <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § § | Civil Action No. 7:16-cv-00113-O-BP |

**REPORT AND RECOMMENDATION DENYING HABEAS RELIEF**

Petitioner Demetric Lewis, an inmate confined in the Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas, brings this action pursuant to 28 U.S.C. § 2254. ECF No. 1. This Petition was referred to the undersigned according to Special Order 3 on September 7, 2016. An order denying habeas relief is a dispositive order to which the undersigned may only make a recommendation to the District Judge. *See McDaniel v. Jones*, 456 F.2d 1254, 1255 (5th Cir. 1972).

Lewis challenges the validity of disciplinary action no. 20160111472, which was taken against him at the Daniel Unit in Snyder, Texas for the offenses of possession of contraband and refusal to obey orders. *See* ECF No.1 at 5. The disciplinary case resulted in a 45 day loss of commissary, 45 day restriction of telephone use, 45 day restriction of contact visitation, line class reduction from S-3 to S-4, rescission of tentative parole, and loss of 150 days previously earned good-time credits. *Id.* In support of his petition, Lewis claims that he was not afforded the opportunity to have the incident informally resolved, that there was no evidence of the contraband

item presented at the hearing, that none of the required factors were taken into consideration before a finding of guilt was rendered, and that the unit captain failed to follow procedure when classifying the disciplinary case. *Id.* at 6-7.

Petitioner has failed to state a colorable claim for habeas corpus relief. Inmates generally do not have protected liberty interests in their privileges. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that a prisoner's liberty interest is "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."). Constitutional concerns could arise where restrictions on privileges represent atypical and significant hardship in relation to the ordinary incidents of prison life. However, temporary restrictions such as those imposed against Lewis do not raise such concerns.

Petitioner concedes that he is not eligible for mandatory supervised release. *See* ECF No. 1 at 5. Therefore, he had no constitutionally protected liberty interest at stake during the disciplinary proceeding. *See Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997) (holding that the state may create a constitutionally protected liberty interest requiring a higher level of due process where good-time credits are forfeited in a disciplinary action against an inmate eligible for mandatory supervised release.). Absent such a liberty interest, due process does not attach to a prison disciplinary action.

For the foregoing reasons, the undersigned RECOMMENDS that the petition for writ of habeas corpus be DENIED.

Signed September 13, 2016.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE