IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **DEMETRIC LEWIS,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | Civil No. 7:16-CV-113-O-BP |
| **LORIE DAVIS, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| § | |
| Respondent. § | |

**ORDER ACCEPTING REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

After making an independent review of the pleadings, files, and records in this case, of the Report and Recommendation of the United States Magistrate Judge, and of Petitioner's objections thereto, I am of the opinion that the findings of fact, conclusions of law, and reasons for denial set forth in the Report and Recommendation of the Magistrate Judge are correct and they are hereby adopted and incorporated by reference as the Findings of the Court.

In his objections, Petitioner seems to argue that he is entitled to mandatory supervised release. The petition reflects that Petitioner is serving a 35-year sentence for aggravated robbery. An inmate convicted of aggravated robbery is not eligible for mandatory supervision. *See* Tex. Gov. Code § 508.149(a)(12) (West 2013). Petitioner claims that he was denied parole because of the disciplinary action at issue in this case. There is no constitutional right to parole in Texas. *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir.1997). And, although Petitioner claims to have lost 150 days of previously-earned good time credits as a result of the disciplinary action, the "TDCJ

Disciplinary Report and Hearing Record" submitted by Petitioner indicates that he did not lose any good-time credits in the disciplinary case at issue. *See* Petitioner's Exhibit A, ECF No. 1-1 at 2.

For the foregoing reasons, the petition for writ of habeas corpus is **DENIED**.

**SO ORDERED** this **28th day** of **September, 2016**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**